MILCHED S. CUTLIFF *v.* BATTLE, Syndic, et al.

APPEAL from the District Court, Parish of Caddo, *Weems,* J. *A. B. Levissee,* for appellant. *Jones & Harris,* for appellees.

The facts are stated in the opinion of the Court.

TALIAFERRO, J. In the year 1840, the plaintiff (at that time a widow) intermarried with R. A. Cutliff. At the time of this marriage the plaintiff owned several slaves, viz : a negro woman named Milly, and her three children, Jim, Mary and Lawrence. After the marriage, the woman Milly had five other children, Allen, Alfred, Henry, Rose and Emily. The plaintiff also owned an improvement on public land called "Summer Grove," lying in the Parish of Caddo. At this place she erected a valuable dwelling house, and made other improvements upon the place. The improvements were estimated to be worth two thousand dollars. She also owned some household furniture. Finding her husband's affairs were becoming deranged, and fearing that, on account of his embarrassed situation, she might lose her claims against his estate for the reimbursement of large amounts which she claimed to be due her for her separate property, which had been sold by her husband, and the proceeds of which he had appropriated to his own use, the plaintiff, in the year 1860, instituted suit against her husband for separation of property, and praying judgment decreeing the slaves, Mary and her children, to be her separate property, and to be put into possession of them. She also prayed judgment against him for the value of several of the slaves before mentioned and for the value of the improvements upon the "Summer Grove" place, which the husband, after marriage, entered at the Land Office, at Natchitoches, and which he afterwards sold, and appropriated the proceeds for his own benefit. She also prayed judgment against him for the value of certain household property (her separate property) the proceeds of which were likewise similarly appropriated by her husband.

Subsequent to the filing of the petition, her husband made a surrender of property, and a syndic was appointed. The plaintiff thereupon proceeded against the syndic, H. J. G. Battle, the present defendant, substituting her petition already filed, and praying judgment against the syndic.

The syndic answered by a general denial; and averred that the property claimed by plaintiff belonged to the insolvent. He charged fraud and collusion between the plaintiff and her husband, R. A. Cutliff, and prayed the dismissal of the plaintiff's suit, and that the property to which plaintiff set up claim be decreed to be the property of the creditors, for whom he acted.

We find in the record several bills of exception, which relate chiefly to the admission of testimony. They seem to contain nothing requiring them to be specially considered.

The plaintiff appears to have already made out her case.

. The counsel for the syndic made the point that plaintiff and her ·first husband, Blackwell, were married in the State of Virginia, and lived, afterwards, in Alabama, until 1833, when they removed to Louisiana, bringing with them the negro woman Milly and children. That the ownership of the woman Milly and children vested in Blackwell, the husband, according to the laws of Virginia and Alabama.

It is not apparent why the syndic aimed to show an outstanding title to the ˙slaves in controversy in a third party, nor is it important to inquire, as events, which have occurred since the trial of this case, have put to rest this branch of the litigation.

The judgment of the District Court, with a slight modification, must be confirmed.

It is therefore ordered, adjudged and decreed, that the judgment of the District Court be amended, so far as to annul that part of it only which decrees the woman Mary and her increase to be the property of the plaintiff; and that, in all other respects, the judgment be affirmed, with costs in both Courts.